UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ANGEL NEGRETE, } } Plaintiff, } } v. } } SOCIAL SECURITY } ADMINISTRATION, } COMMISSIONER, } } Defendant. } | Case No.: 4:21-cv-00079-ACA |

# MEMORANDUM OPINION

Plaintiff Angel Negrete appeals the decision of the Commissioner of Social Security denying her claim for supplemental security income. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.  PROCEDURAL HISTORY

Ms. Negrete applied for supplemental security income on September 25, 2018, alleging that her disability began on July 15, 2018. (R. at 20, 64). The Commissioner initially denied Ms. Negrete's claim (*id.* at 65–69), and Ms. Negrete requested a hearing before an Administrative Law Judge ("ALJ") (*id.* at 74–77). After holding a hearing (*id.* at 33–49), the ALJ issued an unfavorable decision (*id.*

at 17–32). The Appeals Council denied Ms. Negrete's request for review (*id.* at 1–6), making the Commissioner's decision final and ripe for the court's judicial review, 42 U.S.C § 1383(c).

## II.  STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks

omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Negrete had not engaged in substantial gainful activity since her application date of September 25, 2018. (R. at 22). The ALJ found that Ms. Negrete's obesity, diabetes mellitus, hypertension, multiple sclerosis, cervical and lumbar degenerative disc disease, degenerative joint disease of the knees, and osteoarthritis were severe impairments, but that her fractured right wrist and anxiety were non-severe impairments. (*Id.* at 22–23). The ALJ then concluded that Ms. Negrete does not suffer from an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (*Id.* at 24).

After considering the evidence of record, the ALJ determined that Ms. Negrete had the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b).  (R. at 24).  Based on this residual functional capacity and the testimony of a vocational expert, the ALJ found that Ms. Negrete can perform her past relevant work as a tax preparer, office manager, title clerk, clerical worker, and babysitter.  (*Id.* at 27).  Accordingly, the ALJ determined that Ms. Negrete has not been under a disability, as defined in the Social Security Act, since she filed her application on September 25, 2018.  (*Id.*).

## IV.   DISCUSSION

Ms. Negrete argues that the court should reverse the Commissioner's decision because the ALJ failed to properly evaluate her subjective complaints of pain concerning her multiple sclerosis, degenerative disc and joint disease, and osteoarthritis in accordance with the Eleventh Circuit's pain standard.  (Doc. 17 at 5–18).  The court disagrees.

Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the

4

objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). If the ALJ finds a claimant's statements about her symptoms are not credible, the ALJ must "provide[ ] a detailed factual basis for [the] credibility determination," which substantial evidence must support. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

After reviewing Ms. Negrete's pain testimony, the ALJ concluded that Ms. Negrete's "medically determinable impairments could reasonably be expected to cause some" of her alleged symptoms, but that Ms. Negrete's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 25). In making this finding, the ALJ acknowledged 2018 and 2019 MRIs showing a lesion consistent with multiple sclerosis, but he noted that imaging in 2020 revealed that the lesion had resolved, and no other significant changes were noted since the December 2018 MRI. (*Id.* at 25, citing *id.* at 426, 494, 531). The ALJ also explained that Ms. Negrete's neurologist saw no new or active lesions as of March 2020. (R. at 25, citing *id.* at 530).

The ALJ also explained that Ms. Negrete suffers from lumbar and cervical degenerative disc disease. (*Id.* at 25). He explained that 2018 imaging showed a small annular tear and minimal disc bulge at L5-S1; signal at C7; degenerative

5

changes at C4-5 and C5-6; and bulging discs at C4-5 and C5-6 causing moderate impingement of the nerve root. (*Id.* at 25, citing r. at 388–393). In addition, a November 2019 MRI was "essentially normal, with slight foraminal narrowing." (*Id.* at 25, citing *id.* at 494). The ALJ noted that although x-rays in February 2019 showed no acute abnormality of the thoracic and cervical spine, a March 2020 MRI showed disc bulging at C4-5 causing some nerve root impingement and disc bulging at C5-6 causing mild foraminal narrowing. (R. at 25, citing *id.* at 457–458, 531–532). The ALJ considered that Ms. Negrete's primary care records showed occasional unsteady gait and a prescription for a cane in January 2019, but her physical therapy records showed pain at a 4 to 6 on a 10-point scale, and neurology records from November 2019 showed a normal gait. (*Id.* at 25, citing r. at 431–438, 494, 497–513). In addition, the ALJ reviewed Ms. Negrete's history of other degenerative joint disease. (R. at 25–26).

Summarizing his findings with respect to Ms. Negrete's pain testimony, the ALJ stated that imaging revealed Ms. Negrete's multiple sclerosis was stable. (R. at 26). The ALJ also explained that Ms. Negrete's degenerative disc and joint disease, osteoarthritis, and obesity limited her exertional abilities but that doctors had treated those conditions conservatively, recommending weight loss, medications, injections, or physical therapy, instead of surgery. (R. at 26). The ALJ also noted that Ms.

Negrete has been able to conduct what he characterized as "essentially normal stay-at-home parent duties for four children." (*Id.*).

Ms. Negrete attacks the ALJ's evaluation of her subjective complaints on two general grounds. First, Ms. Negrete claims that the ALJ did not consider medical records which undermine his determination and support her pain testimony. (Doc. 17 at 7–15). Second, Ms. Negrete complains that the ALJ improperly relied on her activities of daily of living in rejecting her pain testimony. (*Id.* at 15–18). Neither argument is persuasive.

The ALJ considered evidence that both supports and undermines Ms. Negrete's allegations of disabling pain. (*See* R. at 25–26). The court cannot reweigh the evidence or substitute its judgment for that of the ALJ, even if the evidence preponderates against the ALJ's finding. *Winschel*, 631 F.3d at 1178; *Crawford*, 363 F.3d at 1158–59; *see also Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."). Moreover, many of the records Ms. Negrete claims that the ALJ overlooked are medical reports where an examiner transcribed her reports of her symptoms. (*See* Doc. 17 at 9–12, citing r. at 361–402, 431–438, 479–489, 520–524, 529). The question before the ALJ was not whether Ms. Negrete's own description of her symptoms was consistent, but whether "objective medical evidence . . .

confirms the severity of the alleged pain arising from that condition" or "the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210.

To the extent Ms. Negrete claims that the ALJ did not specifically reference other medical evidence in the record that she claims supports her allegations of pain (*see* doc. 17 at 8–13), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision[] . . . is not a broad rejection which is not enough to enable [this court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (some alterations added). Despite not discussing some of the medical evidence that appears to be consistent with Ms. Negrete's testimony, the ALJ's recitation of the evidence of record was sufficiently thorough and accurate, and it demonstrates that he considered Ms. Negrete's medical condition as a whole. (*See* R. at 25–26).

As for activities of daily living, the ALJ explained that Ms. Negrete's testimony about the limiting nature of her symptoms was not entirely consistent with the record because she "has been able to conduct essentially normal stay-at-home parent duties for four children" and because "she reported that she was stressed by being a full-time college student, as well as a parent of four." (R. at 26).

Ms. Negrete challenges the ALJ's reliance on her statement about being a full-time college student as irrelevant to the time period at issue. (Doc. 17 at 15). The

8

treatment note that the ALJ cited for Ms. Negrete's reports of stress associated with going to college full-time while being a mother to four children is dated February 7, 2018. (R. at 26, citing *id.* at 362). Ms. Negrete alleges disability beginning on July 15, 2018. (*See* R. at 64). Without citing any authority, Ms. Negrete claims that a treatment note that pre-dates her alleged onset date by five months cannot constitute substantial evidence to support the ALJ's rationale. (Doc. 17 at 15). The court has located no binding precedent suggesting that an ALJ may not consider evidence that pre-dates an alleged onset date. *But see Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 856 (11th Cir. 2018) (explaining that medical opinions that pre-date an alleged onset date are "of limited relevance" to a disability claim). But even if the ALJ erred, the ALJ did not rely exclusively on evidence that pre-dates Ms. Negrete's alleged onset date in evaluating her subjective pain testimony. Therefore, any error was harmless because Ms. Negrete has not shown how she was prejudiced by the ALJ's consideration of the February 2018 treatment note.

Ms. Negrete also claims that the ALJ erred by failing "to specifically reference what activities or 'normal stay-at-home parent' duties he deemed inconsistent with" her complaints of debilitating symptoms, and that in any event, any ALJ may not deny a claim based on participation in everyday activities of short duration. (Doc. 17 at 16). Although an ALJ may not rely on a claimant's daily activities alone, an ALJ may consider a claimant's daily activities in evaluating subjective pain

9

testimony. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *see also* 20 C.F.R. § 416.929(c)(3)(i) (listing daily activities as a factor to consider in evaluating a claimant's credibility). Here, the ALJ did not deny Ms. Negrete's claim based solely on her participating in normal activities associated with being a stay-at-home parent with four children. He considered those activities in conjunction with other objective medical evidence and her treatment to relieve her symptoms. Therefore, any error in the ALJ's reliance on undefined "stay-at-home parent" duties is not grounds for reversal.

### V.    CONCLUSION

Substantial evidence supports the ALJ's denial of Ms. Negrete's application for supplemental security income, and this court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this December 21, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE